IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVI SMITH,

      Plaintiff,                    No. CIV S-05-1445 MCE JFM P

     vs.

CLAIRE TESKE, et al.,

      Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a former county jail inmate and former state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his rights under the Eighth Amendment were violated when two doctors acted with deliberate indifference to his serious medical needs during a period of incarceration at the Shasta County Jail.  By order filed February 2, 2006, this court ordered the United States Marshal to serve process, including plaintiff's amended complaint, filed November 1, 2005, on defendants Dr. Hawley and Dr. Christison.  Dr. Christison was alleged to be an employee of the California Forensic Medical Group.

        On March 14, 2006, the United States Marshal's Office filed a return of service showing that on March 7, 2006, personal service was accepted for Dr. Christison by an individual identified as Dan Hustedt, V.P. Finance.[1]  It appears that this service was effected at

---

[1] The process returned by the United States Marshal shows that a request for waiver of service was mailed to defendant Christison on October 27, 2005.  Personal service was effected

1

the main office of the California Forensic Medical Group in Monterey, California. (See Document # 27, Process Receipt and Return, filed March 14, 2006.) On March 10, 2006, this court again directed the United States Marshal to serve process on, inter alia, Dr. Christison, this time with plaintiff's amended complaint filed November 1, 2005.[2]  By order filed May 19, 2006, this court found that the personal service apparently accomplished on March 7, 2006 was sufficient to require defendant Christison to show cause in writing why his default should not be entered.

On May 25, 2006, counsel for defendant Hawley filed a response to the order to show cause, accompanied by two declarations including a declaration from Dan Hustedt.[3]  In his declaration, Mr. Hustedt avers that California Forensic Medical Group, Inc. has never had an employee or agent named Dr. Christison or Dr. Christianson. (Declaration of Dan Hustedt, filed May 25, 2006, at ¶ 3.)[4]  Mr. Hustedt further avers that he accepted the service papers brought to his office by the United States Marshal "only because [he] thought [he] had no other choice than to receive documents that were handed to" him and that he "did not mean by receiving the papers to acknowledge the existence of a 'Dr. Christison' or that he/she had any relationship with the California Forensic Medical Group." Id. at ¶ 4.

Good cause appearing, the order to show cause will be discharged. The court finds that none of the attempts to serve process on the individual identified in the amended complaint as Dr. Christison has been sufficient to properly effect such service. Plaintiff will be

---

after no response was received to the latter request. Defendant Christison may therefore also be required to show cause why he should not be required to pay the costs of personal service in this action. See Fed. R. Civ. P. 4(d).

[2] That process has been returned unexecuted with a notation that the California Department of Corrections and Rehabilitation (CDCR) Locator was unable to identify Dr. Christison. Dr. Christison has never been represented to be an employee of the CDCR.

[3] Defendant Hawley filed an answer to the amended complaint on May 26, 2006.

[4] Another declaration by Mr. Hustedt, containing essentially the same facts, was filed on June 9, 2006.

1 given one final period of sixty days in which to provide additional information for service of
2 process on said defendant. Plaintiff shall promptly seek such information through discovery, the
3 California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to
4 plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may
5 seek judicial intervention.
6         In accordance with the above, IT IS HEREBY ORDERED that:
7         1. The order to show cause filed May 19, 2006 is vacated;
8         2. The Clerk of the Court is directed to send to plaintiff one USM-285 form,
9 along with an instruction sheet and a copy of the amended complaint filed November 1, 2005;
10         3. Within sixty days from the date of this order, plaintiff shall complete and
11 submit the attached Notice of Submission of Documents to the court, with the following
12 documents:
13         a. One completed USM-285 form for the defendant identified as Dr.
14         Christison;
15         b. Two copies of the endorsed amended complaint filed November 1,
16         2005; and
17         c. One completed summons form (if not previously provided)
18 or show good cause why he cannot provide such information.
19 DATED: February 27, 2007.
20
21         /s/ John F. Moulds
        UNITED STATES MAGISTRATE JUDGE
22
23 12;smit1445.dis
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEVI SMITH,

        Plaintiff,                      No. CIV S-05-1445 MCE JFM P

    vs.

CLAIRE TESKE, et al.,                <u>NOTICE OF SUBMISSION</u>

        Defendants.                 <u>OF DOCUMENTS</u>

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____    completed summons form

        _____    completed USM-285 forms

        _____    copies of the _____
                                            Amended Complaint

DATED:

                                          _____
                                          Plaintiff